Case 2:05-cv-01442-TSZ   Document 1   Filed 08/19/2005   Page 1 of 4

Keith D. Karnes WSB # 35000
kkarnes@olsendaines.com
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR 97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC WINSOR, ALISE WINSOR<br><br>  Plaintiffs,<br><br>v.<br><br>MERCHANTS CREDIT CORPORATION<br><br>  Defendant. | Case No. C05-1442Z<br><br>Complaint for Violation of Fair Debt Collection Practices Act and Unfair Business Practices.<br><br>**JURY REQUESTED** |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Eric and Alise Winsor, individual consumers and husband and wife, against Defendant, Merchants Credit Corporation, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (herein "FDCPA"), and Washington Unfair Business Practices RCW 19.86.020, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

///

Page 1 – COMPLAINT

05-CV-01442-CMP

## II. JURISDICTION

2. This Court has jurisdiction over the FDCPA action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has jurisdiction over the Unfair Business Practices action pursuant to 28 U.S.C. § 1367. Venue in this District is proper because Defendant conducts business in Washington and the conduct complained of occurred within the District.

## III. PARTIES

3. Plaintiffs, Eric and Alise Winsor, are natural persons residing in Auburn, Washington.

4. Defendant, Merchant Credit Corporation, is a Washington corporation engaged in the business of collecting debts in Washington with its principal place of business located in Redmond, Washington. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant is a "debt collector" as defined by RCW 19.16.100.

## IV. FACTUAL ALLEGATIONS

7. Defendant has repeatedly telephoned Eric Winsor at his place of employment with the intention of annoying and harassing plaintiff.

8. Defendant has communicated with Eric Winsor's employer regarding the debt defendant is allegedly owed by plaintiff.

9. Defendant has threatened plaintiffs with garnishments without first informing plaintiffs that defendant must first obtain a judgment.

10. Defendant has attempted to collect money from plaintiffs that plaintiffs do not owe.

## V. CLAIM FOR RELIEF

### Claim One

12. Defendant's action in contacting plaintiff's employer and communicating with plaintiff at his place of employment is a violation of 15 U.S.C. § 1692c.

13. Defendant's actions has caused Plaintiff damages in the form of embarrassment, emotional distress and attorney fees.

### Claim Two

14. Defendant's action in failing to inform defendants that defendant must obtain a judgment before defendant could garnish plaintiff's wages is a violation of 15 U.S.C. § 1692e.

15. Defendant's actions has caused Plaintiffs damages in the form of embarrassment, emotional distress, and attorney fees.

### Claim Three

16. Defendant's action in attempting to collect amounts plaintiffs do not owe is a violation of 15 U.S.C. §§ 1692e, 1692f.

17. Defendant's actions has caused Plaintiff damages in the form of embarrassment, emotional distress, and attorney fees.

### Claim Four

18. Defendant's listed above violate WRC 19.16.250 and thereby violate WRC 19.18.020.

19. Defendant's actions have caused plaintiffs damages in the form of loss of good will at work, embarrassment, emotional distress and attorney fees.

WHEREFORE, plaintiffs respectfully requests that judgment be entered against Defendant as follows:

A. Declaratory Judgment that Defendant's actions violated the FDCPA;

B. Actual Damages in the amount of $10,000;

C. Treble Damages in the amount of $30,000;

D. Statutory Damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

F. For such other relief that the Court may deem just and proper.

DATED this ___4___ day of __Aug__, 2005.

By _____
Keith D. Karnes, WSB # 35000
of Attorneys for Plaintiff